**YONGJING LIN, Petitioner,**

v.

**IMMIGRATION and NATURALIZATION SERVICES, Respondent.**

No. 05–4678–ag.

United States Court of Appeals, Second Circuit.

Aug. 16, 2006.

Yongjing Lin, pro se, New York, NY, for Petitioner.

Leura G. Canary, United States Attorney for the Middle District of Alabama, Stephen M. Doyle, Assistant United States Attorney, Montgomery, AL, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yongjing Lin, pro se, petitions for review of the BIA's August 2005 decision affirming Immigration Judge ("IJ") Sarah M. Burr's denial of his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005); Yu Sheng Zhang v. U.S. Dep't of Justice, 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see, e.g., Zhou Yun Zhang v. INS, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. Secaida–Rosales v. INS, 331 F.3d 297, 307 (2d Cir.2003).

█ Here, substantial evidence supports the IJ's adverse credibility determination. Lin testified that he and his wife hid from the government after they discovered her pregnancy, but he admitted that his wife received extensive prenatal and postnatal care at a government hospital. The medical documents provided by Lin indicate that his wife was (1) first treated by a government physician in November 2001,

(2) treated an additional eleven more times in the six months before she gave birth, and (3) given puerperal treatment seven times in the six months after she gave birth.

■ In addition, substantial evidence supports the IJ's finding that Lin's alleged fear of sterilization was implausible. Background materials provided by Lin and the State Department Profile indicate that an unauthorized first birth was punishable by a fine and possible IUD insertion, but not sterilization. Thus, Lin provided a document containing the rules of his local family planning office, which indicated that "[t]he person who has Earlier birth is required to pay the fee of unplanned birth," and that local citizens are asked to "[h]ave the IUD insertion surgery after bearing one child, [and] have the sterilization surgery after bearing *two* children." (emphasis added.) Finally, the IJ's conclusion is further supported by Lin's claim that he was fined 15,000 Renmenbi, which his parents had already paid.

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in his case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).